25-1744-cv
*Maltese v. Teachers Fed. Credit Union*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of June, two thousand twenty-six.

PRESENT:
>        DEBRA ANN LIVINGSTON,
>                *Chief Judge,*
>        JOSEPH F. BIANCO,
>        MARIA ARAÚJO KAHN,
>                *Circuit Judges.*

_____

Maryann Maltese,

>                *Plaintiff-Appellant,*

>        v.                                                          25-1744

Teachers Federal Credit Union, Habberstad
BMW,

>                *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                    Maryann Maltese, pro se,
                                            East Northport, NY.


FOR DEFENDANT-APPELLEE                       Brian S. Gitnik, Gordon
TEACHERS FEDERAL CREDIT UNION:               Reese Scully Mansukhani,
                                            LLP, New York, NY.


FOR DEFENDANT-APPELLEE
HABBERSTAD BMW:                              No appearance.


Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*).


**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Maryann Maltese, proceeding *pro se*, appeals from the district court's judgment dismissing her suit against Teachers Federal Credit Union ("Teachers") and Habberstad BMW ("Habberstad"). She alleged that Habberstad erroneously double-charged her for services covered by a warranty, and that Teachers violated the Electronic Fund Transfer Act ("EFTA") by not refunding her for the first of the charges after she disputed the transaction. Defendants moved to dismiss for lack of subject-matter jurisdiction and failure to state a claim. The district court granted the motions, concluding that Maltese failed to state a federal claim under the ETFA, that she failed to establish diversity

2

jurisdiction for the remaining state-law claims, that it would not exercise supplemental jurisdiction over those claims, and that leave to amend would be futile. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"[W]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Moreira v. Société Générale, S.A.*, 125 F.4th 371, 387 (2d Cir. 2025). When a complaint is dismissed for lack of subject-matter jurisdiction based on the complaint and attached exhibits under Rule 12(b)(1), our review is also *de novo*. *SM Kids, LLC v. Google LLC*, 963 F.3d 206, 210 (2d Cir. 2020). We review a decision to decline supplemental jurisdiction for abuse of discretion. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006). And when "a district court's denial of leave to amend . . . was based on an interpretation of law, such as futility, . . . we review the legal conclusion *de novo*." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Because Maltese "has been *pro se* throughout, [her] pleadings and other filings are interpreted to raise the strongest claims they suggest." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). However, "pro se appellants must still comply

3

with Federal Rule of Appellate Procedure 28(a), which requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," and "a pro se litigant abandons an issue by failing to address it in the appellate brief." *Green v. Dep't of Educ. of City of N.Y.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam) (internal citation omitted). Maltese does not challenge the district court's dismissal of her EFTA claim or its decisions on diversity and supplemental jurisdiction. She has thus abandoned those dispositive issues.

In any event, the district court did not err in its analysis of the EFTA claim. The EFTA "provide[s] a basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund . . . transfer systems," 15 U.S.C. § 1693(b), including provisions requiring certain actions in the event of an "unauthorized electronic fund transfer," *id.* §§ 1693f, 1693g, and provides a private right of action for violations of those rules, *id.* § 1693m(a). An "'unauthorized electronic fund transfer' means an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit." *Id.* § 1693a(12). Here, Maltese alleged that she paid for a service that was not rendered in a satisfactory manner, not that the payment was initiated by an unauthorized person.

4

For original jurisdiction to attach to the remaining state-law claims, Maltese had to plead "complete diversity" of the parties, meaning that "all plaintiffs must be citizens of states diverse from those of all defendants," and an amount in controversy exceeding $75,000. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014); *see* 28 U.S.C. § 1332(a). Maltese did not expressly invoke diversity jurisdiction, and she did not plead facts suggesting that the parties were diverse or that the amount in controversy would approach $75,000. And "a district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Kolari*, 455 F.3d at 122 (quoting 28 U.S.C. § 1367(c)(3)).

To the extent that Maltese argues that she should have been granted leave to amend by asserting various new claims, we decline to consider issues raised for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").

Finally, we observe that Maltese has filed multiple clearly meritless appeals in the past three years, including two appeals dismissed for lack of appellate jurisdiction, one appeal dismissed for failure to file a brief, three appeals in which we affirmed the district court's judgment, and one appeal dismissed as frivolous. This appeal is also frivolous.

5

Accordingly, Maltese is hereby warned that the continued filing of duplicative, vexatious, or clearly meritless appeals could result in the imposition of a sanction that would require her to obtain permission from this Court prior to filing any further submissions in this Court (a "leave-to-file" sanction). *See In re Martin-Trigona*, 9 F.3d 226, 229 (2d Cir. 1993).

We have considered all Maltese's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court